UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

In re:

Enclave at Hillsboro, LLC, et al.,   Chapter 11

Case No.: 15-26155-EPK
Case No.: 15-26148-EPK
Case No.: 15-26162-EPK
Case No.: 15-26156-EPK
Case No.: 15-26165-EPK
Case No.: 15-26152-EPK
Case No.: 15-26141-EPK
Case No.; 15-26143-EPK

(jointly administered)

Debtors.
_____/

**DEBTORS' MOTION TO APPROVE SETTLEMENT AGREEMENT**

The jointly administered debtors, Enclave at Hillsboro, LLC, Hillsboro Mile Properties, LLC, Antipodean Properties, LLC, Remi Hillsboro, LLC, Kerekes Land Trust Properties, LLC, Estates of Boynton Waters Properties, LLC, Enclave at Boynton Waters Properties, LLC and Lake Placid Waterfront Properties, LLC (collectively, the "Debtors"), by and through undersigned counsel, hereby respectfully move the Court for entry of an order approving the settlement agreement by and between the Debtors, John B. Kennelly ("Mr. Kennelly"), John S. Kennelly, Colony Capital Acquisitions, LLC ("Colony") and 13th Floor Investments, LLC ("13th Floor") (the "Agreement"), a copy of which is attached hereto and incorporated herein as **Exhibit A**. In support of the Motion, the Debtors state as follows:

1.   On September 8, 2015, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their business and managing their affairs as debtors-in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in the Chapter 11 cases.

2. On or about August 14, 2015, 13th Floor filed a Complaint against Mr. Kennelly, the Debtors and Maurice O. Rhinehardt, as successor Trustee of the Antipodean Properties Land Trust under agreement dated June 30, 2004 (collectively, the "Defendants") in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida at Case No.: CACE15014643 (the "State Court Action"), and Colony intervened as a plaintiff.

3. On or about December 8, 2015, the Defendants filed a Counterclaim in the State Court Action against Colony and 13th Floor.

4. On or about December 17, 2015, 13th Floor filed a proof of claim asserting a general unsecured claim in the amount of $829,309 against each of the Debtors (collectively, the "Claim").

5. The Debtors dispute that that 13th Floor is entitled to the amounts set forth in the Claim, and 13th Floor and Colony dispute that the Defendants are entitled to any relief in the State Court Action.

6. The Debtors, Mr. Kennelly, John S. Kennelly, Colony and 13th Floor attended a judicial settlement conference on February 22, 2016, and reached an agreement with respect to the Claim, the State Court Action and other related issues as set forth in the Agreement. The foregoing parties may be hereinafter referred to as a "Party," or collectively as the "Parties."

## MATERIAL TERMS OF THE AGREEMENT

7. The Agreement fully sets forth all the terms of the agreement between the Parties, and a summary of material provisions is described as follows:

> a. Reduction of Claim. Within 30 days of February 22, 2016, John S. Kennelly shall deposit the sum of $275,000 (the "Cash Payment") into the trust account at Shraiberg, Ferrara & Landau, PA ("SFL"). Within 48 hours after entry of an order by the Bankruptcy Court approving this Agreement, SFL shall disburse 50% of the Cash Payment to 13th Floor and 50% of the Cash Payment to Colony, in accordance with wiring instructions to be provided to SFL by counsel to 13th Floor and Colony.

b.  **Allowance and Payment of Claim**.  The Claim shall be recognized and allowed as an unsecured claim against the Debtors in the amount of $50,000 (the "**Allowed Claim**") and shall be paid to 13th Floor and Colony on or before December 15, 2016 (the "**Payment Deadline**") in the same allocated amount as the Cash Payment.

c.  **13th Floor and Colony's Release of the Defendants and Related Parties**.  Effective upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, 13th Floor and Colony hereby release and forever discharge the Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation, their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, in law or in equity, from the beginning of the world to the date of execution of the Agreement, except for the obligations created in the Agreement.  Notwithstanding anything to the contrary contained herein, this release shall not be construed to include and is expressly intended to exclude Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc., and any claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc. may have against Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation and their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators.

d.  **Mr. Kennelly, John S. Kennelly and the Debtors' Release of 13th Floor and Colony**.  Effective upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, Mr. Kennelly, John S. Kennelly and the Debtors hereby release and forever discharge 13th Floor and Colony, their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, in law or in equity, from the beginning of the world to the date of execution of the Agreement, except for the obligations created in the Agreement.  Notwithstanding anything to the contrary contained herein, this release shall not be construed to include and is expressly intended to exclude Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc., and any claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation may have against Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc.

   e. <u>Judgment</u>.  Mr. Kennelly shall execute a judgment in favor of 13th Floor and Colony in the amount of $50,000 to be held in escrow (the "<u>Judgment</u>").  In the event the Debtors do not provide for a 100% payment of the Allowed Claim by the Payment Deadline, 13th Floor can file an *ex parte* motion for entry of the Judgment.

   f. <u>Dismissal of the State Court Action</u>.  Upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, Defendants, 13th Floor and Colony will dismiss each of its claims in the State Court Action with prejudice, with each party bearing their own fees and costs, and with the state court reserving jurisdiction to enter and enforce the Judgment.  The Parties will file a joint stipulation consistent with this paragraph.  All litigation is stayed pending the Bankruptcy Court's approval of this Agreement and, notwithstanding anything to the contrary contained in this Agreement, if (a) such approval is not obtained from the Bankruptcy Court or (b) this Agreement is not consummated, then all Parties' rights are fully reserved.

   g. <u>The Plan</u>.  Provided that the Debtors file a plan of reorganization (or liquidation) that incorporates the terms of this Agreement and is not inconsistent with any of the provisions herein (any such plan, a "<u>Qualified Plan</u>"), 13th Floor shall vote in favor of such Qualified Plan.

   h. <u>Authority for Payment.</u>  John S. Kennelly represents and warrants that he is authorized to disburse the Cash Payment and that no limitations, restrictions or prohibitions exist that would prevent John S. Kennelly from disbursing the Cash Payment.  Further, John S. Kennelly represents and warrants that the disbursement of the Cash Payment (a) is not made with any intent to hinder, delay or defraud creditors and (b) will not make the entity or trust from which the Cash Payment is derived insolvent, as such term is defined in the Bankruptcy Code.

   i. <u>Approval</u>.  The Debtors will seek the Bankruptcy Court's approval of this Agreement, and the terms of this Agreement are subject to such approval. The Parties agree that the enforceability of this Agreement is conditioned upon, and subject to, the Bankruptcy Court entering an order approving the Agreement that becomes final and non-appealable.

   j. <u>Attorneys' Fees and Costs</u>.  Each Party shall be responsible for and bear all of its own costs and expenses incurred at any time in connection with the Debtors' above-referenced bankruptcy cases, and the negotiation, execution and performance of this Agreement; provided, however, if any Party shall incur fees and expenses to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover such fees and expenses from the non-prevailing Party.

  8. Through the Motion, the Debtors request that the Court enter an Order approving the Agreement to permit the Parties to amicably resolve the Claim, the State Court Action and other related issues as set forth in the Agreement.

**BASIS FOR RELIEF REQUESTED**

9. The Court has broad discretion to approve a settlement, and it should do so unless the terms of the proposed settlement fall below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009 (Bankr. M.D. Fla. 1993); *see also In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The Eleventh Circuit has articulated certain factors to be considered in determining whether to approve a settlement, which are: a) the probability of success in the litigation; b) the difficulties, if any, to be encountered in the matter of collection; c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) *cert. denied* 498 U.S. 959 (1990).

10. In the instant case, the *Justice Oaks* factors weigh in favor of approving the terms of the Agreement. The Agreement resolves an asserted $829,309 claim against each of the Debtors for a payment of $275,000 from a non-debtor party, and a $50,000 allowed claim to be paid pursuant to the Debtors' plan. The Agreement further resolves disputes within the State Court Action and potential confirmation issues. By entering into the Agreement, the Debtors are able to resolve the foregoing issues without incurring any additional expense.

11. The Agreement represents the efforts of the Parties to negotiate a consensual resolution of the Claim, the State Court Action and other related issues. The Settlement was negotiated in good faith, with compromise among the Parties to reach a mutually acceptable resolution. The Agreement resolves the aforementioned disputes in a manner that is acceptable to the Parties, and within the reasonable range of the dispute between the Parties.

12. In light of the uncertainties, delay and costs associated with litigating the various disputed matters, the Debtors believe that approval of the Agreement it is in the best in interest of the bankruptcy estates and all creditors.

13. The Debtors recommend approval of the Agreement because it is fair, reasonable and in the best interest of the estates and their creditors.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order approving the Agreement in its entirety, and granting such further relief this Court deems just and proper.

Respectfully submitted,

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: blee@sfl-pa.com

By:    /s/ Bernice C. Lee
         Bernice C. Lee
         Florida Bar. No. 0073535

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Mail through the Case Management/Electronic Case Filing to those parties registered to receive electronic notices of filing in this case on this the 28th day of March, 2016.

   /s/ Bernice C. Lee
         Bernice C. Lee

# EXHIBIT A

# SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made this ___ day of March, 2016 by and between Enclave at Hillsboro, LLC, Hillsboro Mile Properties, LLC, Antipodean Properties, LLC, Remi Hillsboro, LLC, Kerekes Land Trust Properties, LLC, Estates of Boynton Waters Properties, LLC, Enclave at Boynton Waters Properties, LLC and Lake Placid Waterfront Properties, LLC (collectively, the "Debtors"), John B. Kennelly ("Mr. Kennelly"), John S. Kennelly, Colony Capital Acquisitions, LLC ("Colony") and 13th Floor Investments, LLC ("13th Floor"). The foregoing parties may be hereinafter referred to as a "Party," or collectively as the "Parties."

**WHEREAS**, on or about August 14, 2015, 13th Floor filed a Complaint against Mr. Kennelly, the Debtors and Maurice O. Rhinehardt, as successor Trustee of the Antipodean Properties Land Trust under agreement dated June 30, 2004 (collectively, the "Defendants") in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida at Case No.: CACE15014643 (the "State Court Action"), and Colony intervened as a plaintiff;

**WHEREAS**, on September 8, 2015 (the "Petition Date"), the Debtors filed for Chapter 11 relief in the United States Bankruptcy Court, Southern District of Florida (the "Bankruptcy Court"), and their cases are jointly administered under Case Number 15-26155-EPK;[1]

**WHEREAS**, on or about December 17, 2015, 13th Floor filed a proof of claim asserting a general unsecured claim in the amount of $829,309 against each of the Debtors (collectively, the "Claim");

**WHEREAS**, on or about December 8, 2015, the Defendants filed a Counterclaim in the State Court Action against Colony and 13th Floor;

**WHEREAS**, the Debtors dispute that that 13th Floor is entitled to the amounts set forth in the Claim and 13th Floor and Colony dispute that the Defendants are entitled to any relief in the State Court Action;

**WHEREAS**, the parties attended a judicial settlement conference on February 22, 2016 and reached an agreement with respect to the Claim, the State Court Action and other related issues as set forth herein; and

WHEREAS, John S. Kennelly will benefit, directly and indirectly, from the settlement described herein.

---

[1] The other jointly administered cases are: *In re Hillsboro Mile Properties, LLC* at case no.:15-26148-EPK; *In re Lake Placid Waterfront Properties, LLC* at case no. 15-26143-EPK; *In re Antipodean Properties, LLC* at case no.: 15-26162-EPK; *In re Remi Hillsboro, LLC* at case no.: 15-26156-EPK; *In re Kerekes Land Trust Properties, LLC* at case no.: 15-26165-EPK; *In re Enclave at Boynton Waters Properties, LLC* at case no.: 15-26141-EPK; and *In re Estates of Boynton Waters Properties, LLC* at case no.: 15-26152-EPK.

{2013/000/00321826}MIAMI 4924232.3 80228/47330

1

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and without admitting any liability, the Parties stipulate and agree as follows:

1. <u>Recitals Incorporated</u>. Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of the Agreement.

2. <u>Reduction of Claim</u>. Within 30 days of February 22, 2016, John S. Kennelly shall deposit the sum of $275,000 (the "<u>Cash Payment</u>") into the trust account at Shraiberg, Ferrara & Landau, PA ("<u>SFL</u>"). Within 48 hours after entry of an order by the Bankruptcy Court approving this Agreement, SFL shall disburse 50% of the Cash Payment to 13th Floor and 50% of the Cash Payment to Colony, in accordance with wiring instructions to be provided to SFL by counsel to 13th Floor and Colony.

3. <u>Allowance and Payment of Claim</u>. The Claim shall be recognized and allowed as an unsecured claim against the Debtors in the amount of $50,000 (the "<u>Allowed Claim</u>") and shall be paid to 13th Floor and Colony on or before December 15, 2016 (the "<u>Payment Deadline</u>") in the same allocated amount as the Cash Payment.

4. <u>13th Floor and Colony's Release of the Defendants and Related Parties</u>. Effective upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, 13th Floor and Colony hereby release and forever discharge the Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation, their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, in law or in equity, from the beginning of the world to the date of execution of the Agreement, except for the obligations created in the Agreement. Notwithstanding anything to the contrary contained herein, this release shall not be construed to include and is expressly intended to exclude Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc., and any claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc. may have against Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation and their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators.

5. <u>Mr. Kennelly, John S. Kennelly and the Debtors' Release of 13th Floor and Colony</u>. Effective upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, Mr. Kennelly, John S. Kennelly and the Debtors hereby release and forever discharge 13th Floor and Colony, their respective agents, attorneys, representatives, employees, officers, directors, members, successors, assigns, heirs, executors, administrators, and each of them, from any and all claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or

unliquidated, in law or in equity, from the beginning of the world to the date of execution of the Agreement, except for the obligations created in the Agreement.  Notwithstanding anything to the contrary contained herein, this release shall not be construed to include and is expressly intended to exclude Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc., and any claims, demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages Defendants, John S. Kennelly and Enclave at Boynton Waters Corporation may have against Boynton Waters JV, L.P. and The Enclave at Boynton Waters Homeowners' Association, Inc.

6. <u>Judgment</u>.  Mr. Kennelly shall execute a judgment in favor of 13th Floor and Colony in the amount of $50,000 to be held in escrow (the "<u>Judgment</u>").  In the event the Debtors do not provide for a 100% payment of the Allowed Claim by the Payment Deadline, 13th Floor can file an *ex parte* motion for entry of the Judgment.

7. <u>Dismissal of the State Court Action</u>.  Upon 13th Floor's receipt of the Cash Payment set forth in paragraph 2 herein, Defendants, 13th Floor and Colony will dismiss each of its claims in the State Court Action with prejudice, with each party bearing their own fees and costs, and with the state court reserving jurisdiction to enter and enforce the Judgment.  The Parties will file a joint stipulation consistent with this paragraph.  All litigation is stayed pending the Bankruptcy Court's approval of this Agreement and, notwithstanding anything to the contrary contained in this Agreement, if (a) such approval is not obtained from the Bankruptcy Court or (b) this Agreement is not consummated, then all Parties' rights are fully reserved.

8. <u>The Plan</u>.  Provided that the Debtors file a plan of reorganization (or liquidation) that incorporates the terms of this Agreement and is not inconsistent with any of the provisions herein (any such plan, a "<u>Qualified Plan</u>"), 13th Floor shall vote in favor of such Qualified Plan.

9. <u>Authority for Payment.</u>  John S. Kennelly represents and warrants that he is authorized to disburse the Cash Payment and that no limitations, restrictions or prohibitions exist that would prevent John S. Kennelly from disbursing the Cash Payment.  Further, John S. Kennelly represents and warrants that the disbursement of the Cash Payment (a) is not made with any intent to hinder, delay or defraud creditors and (b) will not make the entity or trust from which the Cash Payment is derived insolvent, as such term is defined in the Bankruptcy Code.

10. <u>Approval</u>.   The Debtors will seek the Bankruptcy Court's approval of this Agreement, and the terms of this Agreement are subject to such approval. The Parties agree that the enforceability of this Agreement is conditioned upon, and subject to, the Bankruptcy Court entering an order approving the Agreement that becomes final and non-appealable.

11. <u>Attorneys' Fees and Costs</u>.  Each Party shall be responsible for and bear all of its own costs and expenses incurred at any time in connection with the Debtors' above-referenced bankruptcy cases, and the negotiation, execution and performance of this Agreement; provided, however, if any Party shall incur fees and expenses to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover such fees and expenses from the non-prevailing Party.

12. <u>Counterparts and Electronic Transmission</u>. The Agreement may be executed in one or more counterparts and the Parties may transmit the executed Agreement to each other electronically, each of which will be deemed to be an original and all of which, when taken together, will be deemed to constitute one and the same agreement.

13. <u>Authority to Act</u>. The persons executing the Agreement on behalf of the Parties represent and warrant that they have the full authority and power to sign on behalf of the party for whom they are signing and that their signature on the Agreement shall be binding on such party.

14. <u>Neutral Interpretation</u>. In the event any dispute arises among the Parties with regard to the interpretation of any term of the Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15. <u>Consultation with Counsel</u>. The Parties each acknowledge that they have consulted with counsel and with such other experts and advisors as they have deemed necessary in connection with the negotiation, execution and delivery of the Agreement, or have had an opportunity to so consult and have knowingly chosen not to do so.

16. <u>Acknowledgement</u>. The Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that the Agreement is in the best interests of the Parties.

**IN WITNESS HEREOF**, the undersigned, being duly authorized, have caused the Agreement to be executed on the dates shown below:

**John B. Kennelly, on behalf of the Debtors**

By: _[signature]_
Date: 3/14/2016

**John B. Kennelly, individually**

By: _[signature]_
Date: 3/14/2016

**John S. Kennelly, individually**

By: _[signature]_
Date: 3/14/2016

**Colony Capital Acquisitions, LLC**

By: _[signature]_
Date: 3/17/16

Mark M. Hedstrom
Vice President

**13th Floor Investments, LLC**

By: _____

Date: _____

{2013/000/00321826}MIAMI 4924232.3 80228/47330

4

12. **Counterparts and Electronic Transmission.** The Agreement may be executed in one or more counterparts and the Parties may transmit the executed Agreement to each other electronically, each of which will be deemed to be an original and all of which, when taken together, will be deemed to constitute one and the same agreement.

13. **Authority to Act.** The persons executing the Agreement on behalf of the Parties represent and warrant that they have the full authority and power to sign on behalf of the party for whom they are signing and that their signature on the Agreement shall be binding on such party.

14. **Neutral Interpretation.** In the event any dispute arises among the Parties with regard to the interpretation of any term of the Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15. **Consultation with Counsel.** The Parties each acknowledge that they have consulted with counsel and with such other experts and advisors as they have deemed necessary in connection with the negotiation, execution and delivery of the Agreement, or have had an opportunity to so consult and have knowingly chosen not to do so.

16. **Acknowledgement.** The Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that the Agreement is in the best interests of the Parties.

**IN WITNESS HEREOF,** the undersigned, being duly authorized, have caused the Agreement to be executed on the dates shown below:

| John B. Kennelly, on behalf of the Debtors | John B. Kennelly, individually |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Date: 3/14/2016 | Date: 3/14/2016 |
| John S. Kennelly, individually | Colony Capital Acquisitions, LLC |
| By: *[signature]* | By: _____ |
| Date: 3/14/2016 | Date: _____ |

**13th Floor Investments, LLC**

By: Arnaud Karsenti

Date: 03/18/2016

{2013/000/00321826} MIAMI 4924232.3 80228/47330

4

Doc ID: 7062a898dd23f76a2d7d6712c246cd3078d821fa